**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| HOWARD JAMES REDMOND BEY, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:22-CV-00406-ALM-CAN |
| v. | § | |
| | § | |
| ALESSANDRO P. DINELLO | § | |
| doing business as Flagstar Bank, FSB, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION AND ORDER
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court are Defendant Alessandro P. DiNello's Motion to Dismiss [Dkt. 5]; Plaintiff Howard James Redmond Bey's Motions for Summary Judgment [Dkts. 6; 10; 12; 16]; Defendant's Motion to Stay Further Response Deadlines [Dkt. 15]; and Plaintiff's Motion for Declaratory Judgment [Dkt. 18]. After reviewing the motions, responses, replies, and all other relevant filings, the Court recommends Defendant's Motion to Dismiss [Dkt. 5] be **GRANTED**, each of Plaintiff's Motions be **DENIED** [Dkts. 6; 10; 12; 16; 18], and Plaintiff's complaint be **DISMISSED** as set forth herein. The Court further orders Defendant's Motion to Stay Further Response Deadlines [Dkt. 15] is **DENIED AS MOOT**.

## BACKGROUND

***Plaintiff's Complaint – the Instant Lawsuit***

On May 11, 2022, *pro se* Plaintiff Howard James Redmond Bey ("Plaintiff") filed suit against Defendant Alessandro P. DiNello ("Defendant"),[1] incorrectly named as Alessandro P.

---

[1] On May 12, 2022, summons was issued to Defendant "Alessandro P. DiNello, Ceo, Doing Business As, Flagstar Bank, FSB, Or holder of the seat, hereinafter fiduciary, c/o 5151 Corporate Drive, Troy, Michigan 48098, Attn: Cash Operations" [Dkt. 3].

DiNello d/b/a Flagstar Bank, FSB [Dkt. 1]. No specific causes of action under federal or state law are pleaded by Plaintiff in the complaint. No mention of Defendant DiNello can be found in the complaint (other than referencing him as a defendant and as the CEO of Flagstar Bank, FSB). Plaintiff's original complaint seeks "release of a lien" on the subject Property, 1440 Bobing Drive, Lewisville, Texas 75067 [Dkt. 1-1 at 4], from "Flagstar mortgage company" [Dkt. 1 at 2]. Plaintiff contends he sent the bank an "instrument" which it "has accepted [ ] in full in agreeance initially sent 12 June 2021, with the payoff statement provided by Flagstar" [Dkt. 1-1 at 2]. Plaintiff complains that the loan, held by nonparty ShaShonah D. Redmond Bey, has not been settled or closed by Flagstar Bank [Dkt. 1 at 2]. Plaintiff states Flagstar Bank had "ample opportunity" to settle the delinquent account by mail, "but [it] refused to respond, which yields tacit acquiescence" to Plaintiff's June 12, 2021, correspondence, which states in relevant part:

> within (3) three days of your receipt of this notice of my acceptance[,] [i]n the event you choose not to respond to this notice and request, I will accept your silence as your agreement that the balance on the account is zero, and I will settle the account myself through registration.

[Dkt. 1-1 at 2]. The complaint includes no additional facts regarding the underlying loan.[2] [3]

Defendant characterizes Plaintiff's suit as an attempt to enforce a sham arbitration award.

---

[2] In response to Plaintiff's Motion for Summary Judgment [Dkt. 6], Defendant provides additional factual background related to the referenced mortgage [Dkt. 7 at 1]; however, the Court does not reach the merits for which such factual background would be relevant, recommending dismissal for lack of jurisdiction. The Court notes it does not rely on any of the documents attached to Defendant's responses to the summary judgment motions in considering the Motion to Dismiss.

[3] No mortgage or loan documents are attached to the complaint. Attached to the complaint are numerous other documents described as "summary judgment evidence" as follows:

    1. Affidavit of Fact 2. Letter of Instructions And Authorization For Private Credit Serial No. RF 304 32t 437 US 3. Exhibits: a. Form 56 (Rev Number 20L71OMB 1545-0013 b. ucc3-210609-0218000 c. " International Bill of Exchange No. RF 304 321 445 US "Accept for Value NOTIFCATION of Flagstar Bank, Fsb Account #0504943737 d. Form 1099-O1D (2018) NO 1545-0117 e. Form 1096 (2018)OMB No. 1545-0108 f. Form 8281 (Rev. September 20L41/oMB No. 1545-0887 g. Form 1040-V (2018)/OMB No. 1545-0074 h. Form 1040 (20771/OMB No.1545-0074 4. Correspondence From Lender . 5. Notary's Certificate of Service 6. Notary's Certificate of Collateral Estoppel By Silence 7. United State Postal service Mailing Receipt(s) Evidence 8. Cusip documents

[Dkt. 1-1 at 4].

*Plaintiff's Litigation in the Eastern District[4]*

This is not Plaintiff's first foray into litigation in the Eastern District of Texas. He has previously filed four lawsuits in the Eastern District against numerous defendants, including Flagstar Bank. Each of these prior suits has been dismissed for the same reason dismissal is appropriate herein, lack of jurisdiction. *Redmond v. Polunsky*, No. 4:20-mc-00204-ALM (E.D. Tex. Aug. 22, 2022) (Mazzant, J.); *Redmond v. Graham*, No. CV 4:21-MC-00004, 2022 WL 3141866 (E.D. Tex. Aug. 5, 2022) (Mazzant, J.); *Redmond v. Wells Fargo Bank N.A.*, No. CV 4:21-MC-00005, 2022 WL 3142343, at *7 (E.D. Tex. Aug. 5, 2022) (Mazzant, J.); *Redmond v. PRLAP*, No. CV 4:21-MC-006, 2022 WL 3141867, at *1 (E.D. Tex. Aug. 5, 2022) (Mazzant, J.).

Relevant to the instant case, on December 21, 2020, Plaintiff sued Flagstar Bank and five other defendants to enforce a purported arbitration award resulting from "private international arbitration" on the "alleged mortgage." *Polunsky*, No. 4:20-mc-00204-ALM, ECF No. 1. Like here, in *Polunsky*, Plaintiff alleged the defendants settled the underlying loan (including a mortgage serviced by Flagstar Bank) by way of non-response to certain documents and/or allegedly failing to attend an arbitration hearing that Plaintiff contends resulted in a binding judgment against the defendants through acquiescence. *Id.*, ECF No. 1-4 at 22, 24.[5] The Court

---

[4] The Court properly takes judicial notice of Plaintiff's prior proceedings, since "[t]he proceedings at issue are capable of accurate and ready determination by reference to the record of the case available for public viewing in the Court's CM/ECF or PACER docketing system, and the public record of filings in those cases cannot reasonably be challenged." *See Flores v. U.S. Att'y Gen.*, No. 1:14-CV-198, 2015 WL 1088782, at *3 (E.D. Tex. Mar. 4, 2015).

[5] Plaintiff's theory of the resulting "contract" is the same in this case and in *Polunsky*, and the document sent by Plaintiff in the dismissed case is substantially similar, which states in part:

> Should the Respondent(s) fail or otherwise refuse to provide the requested and necessary Proof(s) of Claim(s) raised herein above within the expressed period of time established and set herein above, Respondent(s) will have failed to State any claim upon which relief can be granted. Further, Respondent(s) will have agreed and consented through "tacit acquiescence" to ALL the facts in relation to the above referenced alleged Commercial/Civil/Cause, as raised herein above as Proof(s) of Claim(s) herein; and ALL facts necessarily and of consequence arising there from, are true as they operate in favor of the Undersigned, and that said facts shall stand as prima facie and ultimate (un-refutable) between the parties to this Conditional Acceptance for Value and counter offer/claim for Proof of Claim. . . .

*Polunsky*, No. 4:20-mc-00204-ALM, ECF No. 1-4 at 22.

rejected as meritless Plaintiff's theory that a contract can be formed through non-response, dismissed the complaint for lack of subject matter jurisdiction, and denied leave to amend, finding Plaintiff's claims to be frivolous.  *Id.* ECF No. 2 at 7-13.  In all four previous cases, the Court found subject matter jurisdiction lacking because Plaintiff did not show the presence of a federal question or diversity of citizenship.  *See, e.g.*, *Graham*, 2022 WL 3141866, at *4-6.  The Court further found "granting leave to amend would be futile," having "determined that Plaintiffs' claims are factually frivolous." *See id.* at *9.  Undeterred by the Court's rulings, Plaintiff filed the instant lawsuit and then two additional suits, each of which seeks the same or similar relief, from the same or related defendants.  *See Redmond v. Williams*, No. 4:22-cv-00910-SDJ-CAN (E.D. Tex. filed Oct. 24, 2022); *Bey v. Bray*, No. 4:22-cv-00933-SDJ-KPJ (E.D. Tex. filed Nov. 2, 2022).

***Motion to Dismiss***

On June 7, 2022, Defendant filed his Motion to Dismiss, urging dismissal on numerous grounds: pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction; under Rule 12(b)(2) for lack of personal jurisdiction; under Rule 12(b)(5) for insufficient service of process; and for failure to state a claim for relief under Rule 12(b)(6).  On August 12, 2022, Plaintiff filed a response to the Motion [Dkt. 11].  Plaintiff's response, however, does not address any of the grounds for dismissal raised by the Motion to Dismiss; indeed, the response states in full:

> As General Executor I, Howard James Redmond Bey, of the office of the Howard James Redmond Estate, move to cause, summary judgment for Case No. 4:22CV-406 . This matter is closed and the Private Administrative Process has been completed on or about, 16 August 2021. It is so ordered by The Office of the General Executor of the Howard James Redmond Estate, this summary judgment by Royal Decree. I decree it so.
>
> JURISDICTION AND VENUE
>
> This jurisdiction is from the Office of the Executor of the HOWARD JAMES REDMOND ESTATE; for this case as plaintiff domiciles in De Jure Original jurisdiction of the Texas Republic pursuant to NOTICE OF SURETY ACT &

> BOND NO. RB 857 041 809 US see. DENTON COUNTY CLERK, real estate room I 02, Instrument No. 66946 (See www.denton.tx.publicsearch.us and search real estate records for instrument No. 66946).

[Dkt. 11 at 2].[6]  On August 18, 2022, Defendant filed a reply [Dkt. 13], urging that Plaintiff has conceded or waived the Rule 12 grounds for dismissal, including specifically subject matter and personal jurisdiction [Dkt. 13 at 2].  *See, e.g.*, *Howley v. Bankers Standard Ins. Co.*, No. 3:19-CV-2477-L, 2021 WL 913290, at \*7 (N.D. Tex. Mar. 10, 2021) (finding waiver where the plaintiff responded "only [ ] at a high level without actually responding to Defendant's precise arguments regarding the various deficiencies identified in Plaintiff's First Amended Complaint.").

Plaintiff's response does not address the grounds asserted for dismissal, and while the Court construes Plaintiff's *pro se* pleadings liberally, it is not obligated to consider arguments made across Plaintiff's numerous filings, nor must it grant leave to amend to cure successive, incomplete filings.  To be clear, Plaintiff has not requested leave to amend his complaint; granting any such leave would be futile, and the Court does not and will not sift through the record in search of possibly responsive contentions.  *See S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 610 (5th Cir. 1993) ("Put simply, [Plaintiff] asks us to grant carte blanche to a litigant to throw facts at the court, while placing responsibility on the court—not the litigant—to sort through those facts and come up with possible theories for recovery.").

---

[6] Plaintiff's response does not state any coherent or other reason for his opposition to the Motion.  The Court therefore presumes Plaintiff does not controvert the facts set out by Defendant, per Local Rule CV-7(d), which provides in relevant part:

> Briefing shall contain a concise *statement of the reasons in opposition to the motion* and a citation of authorities upon which the party relies. A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion.

Eastern District of Texas Local Rule CV-7(d) (emphasis added).

## PERSONAL JURISDICTION – RULE 12(B)(2)[7]

### Rule 12(b)(2) Legal Standard

Under Rule 12(b)(2), a court must dismiss a claim if the Court lacks personal jurisdiction over the defendant.  FED. R. CIV. P. 12(b)(2).  "After a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish that *in personam* jurisdiction exists."  *McAfee, LLC v. Kinney*, No. 4:19-CV-463, 2019 WL 4077647, at *2 (E.D. Tex. Aug. 29, 2019); *see also Lahman v. Nationwide Provider Sols.*, No. 4:17-CV-00305, 2018 WL 3035916, at *4 (E.D. Tex. June 19, 2018) (citing *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990)); *Johnston v. Multidata Sys. Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).  "To satisfy that burden, the party seeking to invoke the court's jurisdiction must 'present sufficient facts as to make out only a prima facie case supporting jurisdiction,' if a court rules on a motion without an evidentiary hearing."  *Lahman*, 2018 WL 3035916, at *4 (quoting *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000)).[8]

### Personal Jurisdiction Analysis

A court conducts a two-step inquiry when a defendant challenges personal jurisdiction: (1) "absent a controlling federal statute regarding service of process, the court must determine whether the forum state's long-arm statute confers personal jurisdiction over the defendant"; and

---

[7] The Court addresses personal jurisdiction first.  "Although district courts generally determine their own subject-matter jurisdiction before proceeding to a determination on the merits, such a strict sequencing of consideration is not required before a court orders dismissal on non-merits grounds."  *Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 F.3d 96, 100 (5th Cir. 2018) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)).  "To that end, the Supreme Court has consistently held that 'there is no mandatory sequencing of jurisdictional issues,'" and it "has expressly approved of addressing personal jurisdiction before subject-matter jurisdiction."  *Id.* (quoting *Sinochem Int'l Co. v. Malay. Int'l Shipping*, 549 U.S. 422, 431 (2007)) (cleaned up).  "The Court, then, may 'choose among threshold grounds for denying audience to a case on the merits' and is free to dismiss the case on either subject-matter or personal jurisdiction grounds if both are disputed."  *Garth v. Morgan Cnty.*, No. 4:20-CV-749, 2020 WL 6076320, at *2 (S.D. Tex. Oct. 14, 2020) (quoting *Ruhrgas AG*, 526 U.S. at 585).

[8] "[R]egardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'"  *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *S. Christian Leadership Conf. v. Sup. Ct. of the St. of La.*, 252 F.3d 781, 786 (5th Cir. 2001)).

(2) "the court establishes whether the exercise of jurisdiction is consistent with due process under the United States Constitution." *Lahman*, 2018 WL 3035916, at \*4 (citing *Ham v. La Cinega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993)). "The Texas long-arm statute confers jurisdiction to the limits of due process under the Constitution"; accordingly, "the sole inquiry that remains is whether personal jurisdiction offends or comports with federal constitutional guarantees." *Lahman*, 2018 WL 3035916, at \*4 (citing *Command-Aire Corp. v. Ont. Mech. Sales & Serv. Inc.*, 963 F.2d 90, 93 (5th Cir. 1992); *Bullion*, 895 F.2d at 216); *see Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 854 (5th Cir. 2000). "The Due Process Clause permits the exercise of personal jurisdiction over a non-resident defendant when the defendant has established minimum contacts with the forum state 'such that maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Lahman*, 2018 WL 3035916, at \*4 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).[9] Further, relevant here, specific personal jurisdiction exists over a nonresident defendant "whose contacts with the forum state are singular or sporadic only *if* the cause of action asserted arises out of or is related to those contacts." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 212 (5th Cir. 2016) (emphasis in original). These contacts with the forum state "must be more than 'random, fortuitous, or attenuated, or of the unilateral activity of another party or third person." *ITL Int'l Inc. v. Constenla,*

---

[9] "Minimum contacts with a forum state can be satisfied by contacts that give rise to either general jurisdiction or specific jurisdiction." *Lahman*, 2018 WL 3035916, at \*4 (citing *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)). Here, Defendant primarily urges there is no specific jurisdiction, but the Court lacks general jurisdiction over Defendant for the same reasons, discussed *infra*. "General jurisdiction exists only when the defendant's contacts with the forum state are so 'continuous and systematic' as to render them essentially at home in the forum State." *Lahman*, 2018 WL 3035916, at \*5 (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)). "Substantial, continuous and systematic contact with a forum is a difficult standard to meet and requires extensive contacts between a defendant and the forum." *Lahman*, 2018 WL 3035916, at \*5 (citing *Johnston*, 523 F.3d at 609). Relevant to Defendant here, the individual's domicile is "the paradigm forum for the exercise of general jurisdiction." *Arrow Elecs., Inc. v. Fireracker, LLC*, No. 4:17-CV-00895, 2018 WL 1761883, at \*2 (E.D. Tex. Apr. 12, 2018) (quoting *Daimler*, 571 U.S. at 137). Plaintiff's allegations do not show the Court has general jurisdiction over Defendant—no reference is made to DiNello at all [*See* Dkt. 1]. And if Flagstar Bank would be subject to general jurisdiction, that does not extend to DiNello "because there is no indication that [DiNello] himself signed [relevant] corporate filings (to enable a purposeful-availment argument)." *See VeroBlue Farms USA, Inc. v. Wulf*, 465 F. Supp. 3d 633, 672 (N.D. Tex. 2020).

*S.A.*, 669 F.3d 493, 498 (5th Cir. 2012).  And because Plaintiff must show personal jurisdiction exists for each claim, the Court must look to Defendant's contacts with Texas as to each claim asserted.  *Ecigrusa LLC v. Silver State Trading LLC*, No. 3:21-CV-1846-B, 2022 WL 1321573, at *4 (N.D. Tex. May 3, 2022) (citing *Danziger & De Llano, L.L.P. v. Morgan Verkamp, L.L.C.*, 24 F.4th 491, 495-96, 500 (5th Cir. 2022) (separately analyzing personal jurisdiction for intentional tort claims and breach-of-contract claims)) ("different tests for minimum contacts may apply to different types of claims.").[10]

Defendant argues Plaintiff does not allege "a single fact to show that DiNello, as an individual, has had any contacts with the State of Texas, let alone" the "minimum contacts" required to satisfy the due process requirements of the Fourteenth Amendment [Dkt. 5 at 7]. The Court agrees.  Again, absolutely no substantive reference to Defendant DiNello is made in the complaint.  Plaintiff's response to the Motion to Dismiss does not address in any way the Court's personal jurisdiction.  The factual allegations stated in Plaintiff's filings relate entirely to unilateral actions taken by Plaintiff, for example, that a "tacit" agreement was purportedly formed when Plaintiff mailed documents from Texas to Flagstar Bank in Michigan purporting to settle the debt, or that he later unilaterally published "notice" of such agreement in the Denton County newspaper [*See* Dkt. 1-1 at 2-3].  Plaintiff himself acknowledges these contacts were unilateral, pleading "no response was received from Flagstar" to the documents mailed to Michigan [Dkt. 1-1 at 3]. "[P]laintiff's *own contacts* with the forum [cannot] be used to demonstrate contacts by the defendant[s]."  *See Sangha*, 882 F.3d at 103 (citing *Walden v. Fiore*, 571 U.S. 277, 284 (2014)). Moreover, none of the purported communications or notices were sent by Plaintiff to DiNello.

---

[10] Explained *supra*, there are no specific causes of action alleged in the complaint; it is thus not clear whether Plaintiff's "claims" arise from breach of contract, a tort, or some other source.  Liberally construing the complaint, the Court briefly addresses whether Defendant has minimum contacts under either a contract-based or tort-based theory of recovery.

Plaintiff's "unilateral activities in Texas"—here, sending mail to Flagstar Bank to which Plaintiff contends received no response—do not constitute minimum contacts with DiNello, who has an address in the State of Michigan according to Plaintiff.  Even if the alleged communications were sent by Plaintiff to Defendant DiNello, such "attenuated" contacts, would be insufficient to confer personal jurisdiction.  *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985); *see also Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co.*, 646 F.3d 589, 595 (8th Cir. 2011) (concluding "incidental contacts" with the forum state, including "e-mails, phone calls, and a wire transfer of money," did "not constitute a 'deliberate' and 'substantial connection' with the state" to exercise specific jurisdiction).

Nor is Defendant subject to personal jurisdiction merely because he is CEO of Flagstar Bank, FSB.  "An individual's status as an officer, director, or majority shareholder of a corporation alone is [generally] insufficient to support the exercise of personal jurisdiction."  *ACS Partners, LLC v. GFI Mgmt. Servs., Inc.*, No. H-15-1111, 2015 WL 9319235, at *2 (S.D. Tex. Dec. 23, 2015).[11]  Here, there are no allegations that DiNello acted in his individual capacity when Flagstar Bank purportedly failed to respond to Plaintiff's documents or to close the subject account.  *See Ecigrusa LLC*, 2022 WL 1321573, at *8 (citing *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001)) ("the record does not include sufficient evidence to show that Angel, acting in his individual capacity and not as an officer or agent of Silver State or Empire, established minimum contacts with Texas related to the breach-of-contract claim.").  Even

---

[11] Under the "the fiduciary shield doctrine," generally, "a corporation will serve to insulate individual employees from a court's personal jurisdiction."  *Thomas v. Nat'l Collector's Mint, Inc.*, No. CV H-18-0348, 2018 WL 6329841, at *4 (S.D. Tex. Dec. 4, 2018) (citing *Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985)).  But the doctrine "is not absolute" and "does not apply, for instance, when courts are willing to disregard the corporate entity on the theory that the individual is the alter ego of the corporation or parent."  *Ragan & Massey, Inc. v. Voluntary Purchasing Grps., Inc.*, No. 4:09-CV-00039, 2009 WL 3157468, at *5 (E.D. Tex. Sept. 28, 2009) (citing *Stuart*, 772 F.2d at 1197).  The doctrine also does not apply "if the individual employee's actions are motivated by fraud or personal interest outside his corporate capacity."  *Thomas*, 2018 WL 6329841, at *4 (citing *Lewis v. Fresne*, 252 F.3d 352, 359-60 (5th Cir. 2001)).

liberally construing Plaintiff's filings, there are simply no allegations that DiNello was personally involved in any events or acts that give rise to the allegations in the complaint. Thus, whether Plaintiff's claims arise from a purported contract or any alleged tortious conduct, the record is devoid of any facts that "show how [DiNello's] contacts with the forum relate to or give rise to [any] causes of action." *See Ecigrusa LLC*, 2022 WL 1321573, at *8-9; *Perez v. Gulf Coast Marine & Assocs., Inc.*, No. 9-09-CV-156 TJW, 2010 WL 4737697, at *5 (E.D. Tex. Nov. 16, 2010); *Ragan & Massey, Inc.*, 2009 WL 3157468, at *6; *Lahman*, 2018 WL 3035916, at *4-5. Plaintiff has not established that Defendant has the requisite minimum contacts with Texas.[12] The Court therefore recommends dismissal for lack of personal jurisdiction.[13]

## SUBJECT MATTER JURISDICTION – RULE 12(B)(1)

### Rule 12(b)(1) Legal Standard

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Whether a federal court has jurisdiction must "be established as a threshold matter" and "is inflexible and without exception." *Webb v. Davis*, 940 F.3d 892, 896 (5th Cir. 2019) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998)). A Rule 12(b)(1) motion to dismiss allows a party to challenge the exercise of the Court's subject

---

[12] Because the Court does not find Defendant has minimum contacts with Texas, it is unnecessary to consider whether exercising jurisdiction comports with traditional notions of fair play and substantial justice. *See Watkins v. Gateway First Bank*, No. 3:20-CV-2136-L-BH, 2021 WL 1725534, at *6 (N.D. Tex. Mar. 15, 2021) (citing *Southern Copper, Inc. v. Specialloy, Inc.*, No. 00-50408, 2000 WL 1910176, at *4 (5th Cir. Dec. 22, 2000) (per curiam)), *report and recommendation adopted*, No. 3:20-CV-2136-L-BH, 2021 WL 1720255 (N.D. Tex. Apr. 30, 2021).

[13] Courts often decline to reach a defendant's Rule 12(b)(5) grounds after finding a lack of personal jurisdiction under Rule 12(b)(2), as general or specific personal jurisdiction would still be lacking even if Defendant had been properly served. *See Tang v. Altimmune, Inc.*, No. 4:20-CV-63, 2021 WL 1136018, at *2 (E.D. Tex. Mar. 25, 2021) ("even if Plaintiff were correct that Defendants have been properly served . . . the Court would still lack personal jurisdiction."); *see also Smith v. Skopos Fin., LLC*, No. 3:18-CV-2248-L-BN, 2019 WL 2374883, at *6 (N.D. Tex. Jan. 22, 2019) (finding the claims against the defendant "should be dismissed without prejudice for lack of personal jurisdiction without the Court addressing his Rule 12(b)(5) grounds for dismissal."), *report and recommendation adopted*, No. 3:18-CV-2248-L, 2019 WL 1552033 (N.D. Tex. Apr. 10, 2019).

matter jurisdiction. FED. R. CIV. P. 12(b)(1). In analyzing a Rule 12(b)(1) motion, a court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts or evidence in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Plaintiff, as the party asserting jurisdiction, bears the burden of proof to defeat a Rule 12(b)(1) motion to dismiss. *Id.* "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). Defendant urges both that this Court lacks original jurisdiction, and that Plaintiff lacks Article III standing to bring this suit.

***Original Jurisdiction – Federal Question and/or Diversity of Citizenship***

A federal court has original jurisdiction to hear a suit when it is asked to adjudicate a case or controversy that arises under federal-question or diversity jurisdiction. U.S. CONST., art. III, § 2, cl. 1; 28 U.S.C. §§ 1331-32. Broadly, a federal court has subject matter jurisdiction over those cases arising under federal law. U.S. CONST. art. III, § 2, cl. 1; 28 U.S.C. § 1331. A federal court also has subject matter jurisdiction over those cases between citizens of different states and where the matter in controversy exceeds $75,000. 28 U.S.C. § 1332. The Court limits its discussion to diversity jurisdiction, as no reference to any federal law can be found in Plaintiff's filings [*See* Dkts. 1; 1-1].[14]

---

[14] On Plaintiff's civil cover sheet, under the basis for jurisdiction, the "Federal Question" box is not checked, through "Diversity" is checked [Dkt. 1-6]. However, the civil cover sheet, standing alone, is insufficient evidence of diversity jurisdiction because it is not part of the pleadings under the Federal Rules. *See Duru v. Texas St. Ct.*, No. 3:15-CV-1855-L, 2016 WL 791449, at *4 (N.D. Tex. Feb. 11, 2016) (collecting cases) ("Nor is the assertion of diversity jurisdiction on the cover sheet sufficient."), *report and recommendation adopted*, No. 3:15-CV-1855-L, 2016 WL 775847 (N.D. Tex. Feb. 29, 2016). Moreover, Plaintiff refers to "Rule 56 Civil Procedure" as the "the U.S. Civil Statute under which you are filing" [Dkt. 1-6], but the Federal Rules are not an independent basis for federal jurisdiction. *See Mitchell v. Cent. Bank & Tr.*, 49 F.3d 728 (5th Cir. 1995) (citing FED. R. CIV. P. 82) ("Federal Rules of Civil Procedure implement the exercise of jurisdiction otherwise conferred on the district court, but do not provide an independent basis for jurisdiction.").

"To properly allege diversity jurisdiction under § 1332, the parties need to allege complete diversity." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quotation omitted).  Complete diversity requires "all persons on one side of the controversy [to] be citizens of different states than all persons on the other side." *Id.* (quotation omitted).  "For individuals, 'citizenship has the same meaning as domicile,' and 'the place of residence is prima facie the domicile.'" *Id.* (quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)).  Regarding diversity jurisdiction, Defendant urges Plaintiff "filed this lawsuit against an individual but fails to plead any facts establishing the citizenship and residency of Defendant Alessandro P. DiNello" [Dkt. 5 at 5].  Plaintiff represents his domicile is the State of Texas, stating: "jurisdiction is from the Office of the Executor of the HOWARD JAMES REDMOND ESTATE; for this case as plaintiff domiciles in De Jure Original jurisdiction of the Texas Republic" [Dkt. 11 at 2].  However, the citizenship of Defendant is not pleaded.  Plaintiff asserts only that Defendant DiNello's address is c/o Flagstar Bank, FSB in Troy, Michigan.  However, the mere listing of addresses is insufficient to establish the citizenship of a party.  *See Duru v. Texas St. Ct.*, No. 3:15-CV-1855-L, 2016 WL 791449, at *4 (N.D. Tex. Feb. 11, 2016) (finding the mere listing of addresses to be insufficient to establish the citizenship of the parties), *report and recommendation adopted*, 3:15-CV-1855-L, 2016 WL 775847 (N.D. Tex. Feb. 29, 2016); *Graham*, 2022 WL 3141866, at *5 ("beyond a conclusory allegation that jurisdiction is proper . . . Redmond alleges no facts showing that there is complete diversity between the parties").  Plaintiff "fails to meet his burden, as he does not plead the citizenship" of Defendant, and his "brief[ing] does not address diversity jurisdiction, and the record is likewise deficient"—he has thus failed to "distinctly and affirmatively allege" diversity of citizenship.  *See, e.g.*, *Rankins v. John McGowan Working Partners, Inc.*, 732 F. App'x 311, 312 (5th Cir. 2018) (per curiam) (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir.

2001)) (affirming dismissal of *pro se* action where the complaint was devoid of any reference to the citizenship of the defendant).

Even had Plaintiff pleaded complete diversity, the Court notes jurisdiction would founder yet again as Plaintiff has failed to plead an amount in controversy. The complaint does not state that the amount in controversy exceeds the $75,000.00 requisite threshold for diversity jurisdiction. "The amount in controversy is normally determined by the amount sought on the face of a plaintiff's petition." *1400 FM 1417 LLC v. Certainteed Corp.*, No. 4:21-CV-00847, 2022 WL 906192, at *7 (E.D. Tex. Mar. 28, 2022) (citing 28 U.S.C. § 1446(c)(2)) (Mazzant, J.). "[T]he party invoking diversity jurisdiction must show by a preponderance of the evidence that the amount-in-controversy requirement is met." *Brand Servs., L.L.C. v. Irex Corp.*, 909 F.3d 151, 155 (5th Cir. 2018) (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)). The Court may "*sua sponte* raise[] the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether the amount in controversy requirement has been met." *Vinterella v. Lumpu*y, No. CV 22-100-SDOD-EWD, 2022 WL 678466, at *3 (M.D. La. Mar. 7, 2022) (citing *McDonal v. Abbott Lab'ys*, 408 F.3d 177, 182, n.5 (5th Cir. 2005)). Here, the Court cannot discern the value of this litigation from the pleadings to confirm that the amount in controversy is met, given the absence of factual allegations related to the mortgage or the subject property in the complaint. On the present pleadings, this Court lacks original jurisdiction.

### *Article III Standing*

Plaintiff also lacks Article III standing. Standing "is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To establish Article III standing, "a plaintiff must show: (i) that [he] suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused

by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) (citing *Lujan*, 504 U.S. at 560-61). "As the party invoking federal jurisdiction," Plaintiff "bear[s] the burden of demonstrating" standing to bring the claims alleged. *Id.* at 2207. Primarily at issue here is the first element—injury in fact. "To satisfy this injury-in-fact test, Plaintiff[] must allege more than an injury to *someone's* concrete, cognizable interest; [he] must 'be [himself] among the injured.'" *McMahon v. Fenves*, 946 F.3d 266, 270 (5th Cir. 2020) (quoting *Sierra Club v. Morton*, 405 U.S. 727, 734-35 (1972)). A plaintiff "must show that he or she suffered 'an invasion of a legally protected interest'" that goes beyond "conjectural or hypothetical." *Spokeo, Inc. v. Roberts*, 578 U.S. 330, 339 (2016) (citing *Lujan*, 504 U.S. at 560).

Defendant argues Plaintiff has no Article III standing based on injuries of non-parties, and here the complaint lacks allegations the Plaintiff has personally suffered any injury in fact:

> In a conclusive fashion, Plaintiff alleges that he is the "executor of Howard James Redmond Bey," but fails to support the Complaint by any facts demonstrating how or when Plaintiff became the executor or what his or Howard James Redmond Bey's relationship is with the purported arbitration award, Flagstar and/or DiNello, or how Plaintiff suffered any damages as a result of.

[Dkt. 5 at 6]. Upon review, Plaintiff makes no explicit reference to a concrete or imminent injury to himself, and the relief sought relates to an injury not particularized to him, since the interest belongs to the alleged account holder, nonparty ShaShonah D. Redmond Bey [*See* Dkt. 1-1 at 2, 4]. *See Bradley v. PNC Bank, N.A.*, No. 4:14CV37, 2014 WL 4829317, at *3 (E.D. Tex. Sept. 26, 2014) ("The Court further notes that the Note is only signed by Plaintiff's wife, not Plaintiff, and he has not stated how he has standing to challenge any assignment of it."). The facts alleged constitute almost entirely unilateral acts taken by Plaintiff, as discussed in detail in the context of personal jurisdiction. *See Albarado v. United States*, No. 1:22-CV-068, 2022 WL 17069930, at

*2 (S.D. Tex. Sept. 29, 2022) (quoting *Lujan*, 504 U.S. at 560-61) ("Plaintiff has not shown that he has an injury that is fairly traceable to the challenged action of a defendant named in this suit, as opposed to 'the result of the independent action of some third party not before the court.'"), *report and recommendation adopted*, No. 1:22-CV-00068, 2022 WL 17069135 (S.D. Tex. Nov. 17, 2022).  In sum, without particularized allegations of a concrete, imminent harm caused by Defendant, Plaintiff has not carried his burden to show he has standing.  *See Bank of N.Y. Mellon v. Walker*, No. 1:19-CV-018, 2019 WL 1981421, at *3 (S.D. Tex. Apr. 1, 2019) (footnote omitted) ("The Complaint makes no allegation of a dispute regarding what entity owns or holds the Note or Security Instrument, no allegation of a dispute regarding whether BNYM is a mortgagee, and no allegation of any dispute regarding BNYM's ability to proceed with foreclosure proceedings. . . . absent any allegations of a live case or controversy at the time the Complaint was filed, the dispute is hypothetical or conjectural."), *report and recommendation adopted*, No. 1:19-CV-00018, 2019 WL 1978502 (S.D. Tex. May 3, 2019).

In sum, the Court finds it lacks jurisdiction over this cause and this case should be dismissed without prejudice pursuant to both Rule 12(b)(2) and Rule 12(b)(1).[15]

***Futility of Amendment***

"Generally, . . .  a pro se litigant should be offered an opportunity to amend his [or her] complaint before it is dismissed."  *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009).

---

[15] Because jurisdiction is lacking for multiple reasons, the Court refrains from continuing on to consider the merits under Rule 12(b)(6).  *See Tang v. Altimmune, Inc.*, No. 4:20-CV-00063-ALM-CAN, 2020 WL 9219329, at *3 (E.D. Tex. Dec. 1, 2020), *report and recommendation adopted*, No. 4:20-CV-63, 2021 WL 1136018 (E.D. Tex. Mar. 25, 2021); *Flores v. Koster*, No. 3:11-CV-0726-M-BH, 2013 WL 664704, at *4 n.12 (N.D. Tex. Jan. 22, 2013) (declining to reach the defendant's grounds under both 12(b)(5) and 12(b)(6)) ("Since the Court is recommending dismissal pursuant to Rule 12(b)(1), it is not necessary to address Defendant's Rule 12(b)(6) motion."), *report and recommendation adopted*, No. 3:11-CV-0726-M-BH, 2013 WL 708236 (N.D. Tex. Feb. 25, 2013); *see also Cunningham v. Upwell Health, LLC*, No. 4:19-CV-00894-ALM-CAN, 2020 WL 4723175, at *3 n.8 (E.D. Tex. July 21, 2020) (declining to reach arguments under Rule 12(b)(6) because the Court lacked personal jurisdiction), *report and recommendation adopted*, No. 4:19-CV-894, 2020 WL 4698322 (E.D. Tex. Aug. 13, 2020).

"Granting leave to amend is not required, however, if the plaintiff has already pleaded his [or her] 'best case.'" *Id.* "[P]leading review is not a game where the plaintiff is permitted to file serial amendments until he finally gets it right." *Whiddon v. Chase Home Fin., LLC*, 666 F. Supp. 2d 681, 693 (E.D. Tex. 2009) (quoting *U.S. ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 404 (5th Cir. 2004)). An opportunity to replead is "unnecessary where the facts alleged are 'fantastic or delusional scenarios' or where the legal theory upon which a complaint relies is 'indisputably meritless.'" *Gregory v. McKennon*, 430 F. App'x 306, at *1 (5th Cir. 2011) (quoting *Eason v. Thaler*, 14 F.3d 8, 9 n.5 (5th Cir. 1994)).

This Court has dismissed similar claims by Plaintiff four times, finding them frivolous and denying leave to amend based on futility.[16] *See Graham*, 2022 WL 3141866, at *9; *PRLAP*, 2022 WL 3141867, at *7 (collecting cases); *Wells Fargo Bank N.A.*, 2022 WL 3142343, at *9 (same). Permitting amendment here would be futile as well. The jurisdictional defects related to personal jurisdiction[17] and subject matter jurisdiction cannot be cured by amendment.[18] Moreover, to be clear, the Court has already found Plaintiff's contract theory to be without merit:

---

[16] "The sovereign citizen movement is a loose grouping of litigants, commentators, and tax protesters who often take the position that they are not subject to state or federal statutes and proceedings." *Porter v. Texas*, 729 F. App'x 358 (5th Cir. 2018) (per curiam) (quoting *United States v. Weast*, 811 F.3d 743, 746 n.5 (5th Cir. 2016)). Sovereign citizen claims "are generally founded on misunderstandings of the Uniform Commercial Code, maritime and admiralty law, and trust law, among other things, [and] have been unanimously rejected by the courts." *Bradford v. Kummerfeld*, No. 5:19CV143, 2020 WL 6482980, at *3 (E.D. Tex. May 13, 2020) (citing *West v. Bornunda*, 698 F. App'x 224 (5th Cir. 2017)), *report and recommendation adopted*, No. 5:19-CV-00143-RWS, 2020 WL 5670013 (E.D. Tex. Sept. 24, 2020).

[17] Providing Plaintiff leave to amend his complaint would be futile. *See Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*, No. 3:17-CV-1147-D, 2019 WL 329545, at *9 (N.D. Tex. Jan. 25, 2019) (considering the futility of amendment "in the context of pleading personal jurisdiction"). Plaintiff has proffered no discernable basis for the Court exercising personal jurisdiction. *See Tang*, 2020 WL 9219329, at *6 n.11 (collecting cases).

[18] Granting leave to amend would be futile because the Court lacks subject matter jurisdiction. *See Pool v. Trump*, 756 F. App'x 446, 447 (5th Cir. 2019) (affirming district court's decision denying leave to amend as futile because plaintiff's "claims could not be pleaded in a manner that would confer subject matter jurisdiction"); *Flowers v. Acuity Brands Lighting*, No. 3:19-CV-2090-S-BK, 2019 WL 10835996, at *2 (N.D. Tex. Oct. 1, 2019) (recommending the *pro se* plaintiff be denied leave to amend because it was clear in the original complaint that the court lacked subject matter jurisdiction), *report and recommendation adopted*, No. 3:19-CV-2090-S-BK, 2020 WL 5983203 (N.D. Tex. Oct. 8, 2020); *Crouse v. Neuropsychiatric Ctr.*, No. 3:19-CV-2280-K-BK, 2019 WL 5273250, at *1 (N.D. Tex. Sept. 26, 2019) (finding "granting leave to amend would be futile and cause needless delay" where affirmative

While Redmond considers the document to be a "a self-executing" unilateral agreement, that idea is contrary to the law. It is a fundamental principle of contract law that to create an enforceable contract, there must be a clear and definite offer followed by a clear and definite acceptance in accordance with the offer's terms. *See United Concrete Pipe Corp. v. Spin–Line Co.*, 430 S.W.2d 360, 364 (Tex. 1968). And a purported acceptance that changes or qualifies an offer's material terms constitutes a rejection and counteroffer rather than an acceptance. *See id.*

Here, Redmond has failed to present any "agreement" because Defendants never consented to the terms of the so-called contract. It is a fundamental principle of contract law that silence does not constitute acceptance of a contract. RESTATEMENT (SECOND) OF CONTRACTS § 69 (Am. Law. Inst. 1981); *see also Orman v. Cent. Loan Admin. & Reporting*, No. CV-19-04756, 2019 WL 6841741, at *4 (D. Ariz. Dec. 16, 2019) (citing RESTATEMENT (SECOND) OF CONTRACTS § 69 and several states' case law, and vacating arbitration award that was based on similar unaccepted counteroffer). Further, Redmond's own statements make clear that the Defendants did not agree to the documents—he admits that he received "no response" to the purported agreement (Dkt. #1, Exhibit 4 at p. 2).

Moreover, Redmond's own statement that he would interpret a non-response as consent is legally irrelevant. *See* RESTATEMENT § 69 cmt. c. ("The mere fact that an offeror states that silence will constitute acceptance does not deprive the offeree of his privilege to remain silent without accepting."). Because the Court finds Defendants did not agree to be bound by the contract Redmond allegedly mailed to them on September 6, 2019, the parties could not have agreed to the arbitration provision buried in Redmond's purported contract. Thus, the purported arbitration award is an "obvious sham and there can be no valid action based thereon." *See In re Matter of: Arbitration Award of Robert Presley of Hmp Arbitration Servs.*, No. 4:19-CV-00088-DN-PK, 2019 WL 10817149 (D. Utah Nov. 13, 2019) (denying motion to confirm arbitration against lender and loan servicer based on tacit approval theory, calling the purported arbitration award an "obvious sham," and dismissing the action sua sponte, with prejudice).

The Court's finding that this action is patently baseless and frivolous is underscored by the decisions of other district courts around the country that have reached similar conclusions and refused to enforce similar sham arbitration awards. . . .

*Graham*, 2022 WL 3141866, at *7-8 (footnotes omitted). The sovereign citizen theories that underlie Plaintiff's suit have never succeeded in court. *See Wirsche v. Bank of Am., N.A.*, No. 7:13-CV-528, 2013 WL 6564657, at *2 (S.D. Tex. Dec. 13, 2013) (footnote omitted) (dismissing

---

allegations demonstrate a lack of subject matter jurisdiction), *report and recommendation adopted*, No. 3:19-CV-2280-K, 2019 WL 5267459 (N.D. Tex. Oct. 16, 2019).

sovereign citizen challenge to the validity of a mortgage) ("In keeping with the Court's duty to broadly construe the pleadings of a pro se party, the Court has addressed Plaintiff's meandering arguments at some length. . . . These teachings have never worked in a court of law—not a single time. In this case, the only way to avoid foreclosure is to avoid purchasing a home subject to a mortgage, or to avoid defaulting on such a mortgage following proper notice and opportunity to cure. Magic legal words cannot dispel this harsh financial reality.").

## PLAINTIFF'S MOTIONS

Plaintiff has filed four Motions for Summary Judgment [Dkts. 6; 10; 12; 16]; Defendant has filed responses to each [Dkts. 7; 14; 17]. Because the Court concludes that it has no jurisdiction over Plaintiff's claims, his Motions for Summary Judgment must be denied.[19] *See Chandler v. United States*, 338 F. Supp. 3d 592, 605 (N.D. Tex. 2018) (citing *Ratliff v. Stewart*, 508 F.3d 225, 231 (5th Cir. 2007)) ("Because [the defendant] has shown that this case must be dismissed for lack of subject-matter jurisdiction, the Court cannot grant . . . [the plaintiff's] Motion for Summary Judgment"). For the reasons explained *supra*, Plaintiff's claims are frivolous, and the Court need not construe Plaintiff's subsequent filings amendments, as the assertions therein remain deficient and have already been rejected by the Court [*See* Dkt. 6 at 1] (asserting Defendant's non-response formed a contract); [*See* Dkt. 12 at 2-3] (asserting that this "matter was closed with the completed Private Administrative Process" and that Defendant is in breach of the purported agreement); [*See* Dkt. 16 at 2-3] (same). Plaintiff's Motion for Declaratory Judgment [Dkt. 18] should be denied for these same reasons. *See Smitherman v. Bayview Loan Servicing, LLC*, 727 F. App'x 787, 792

---

[19] Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Where, as here, a plaintiff files a motion for summary judgment, he essentially 'takes the position that he is entitled to prevail as a matter of law because the opponent has no valid ... defense to the action.'" *Rogers v. McLane*, No. 5:22-CV-130-BQ, 2022 WL 17418978, at *2 (N.D. Tex. Nov. 14, 2022) (quoting 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2711 (4th ed. Apr. 2022 Update)).

(5th Cir. 2018).  In one of his motions, Plaintiff requests that counsel for Defendant be "removed" from this case, alleging he is a "third-party interloper."   Plaintiff complains that counsel for Defendant has "no firsthand knowledge of documents sent or received," and that his representation violates the Thirteenth Amendment [*See* Dkts. 12 at 3-4; 16 at 2] (alleging counsel has "accepted title and emolument to prosecute against one of the 'people' and his estate").  No legal authority is cited to support the request.  Civil litigants have a right to retain hired counsel.  *See Merial Ltd. v. Virbac SA*, No. 4:10-CV-181-Y, 2010 WL 11534378, at *6 (N.D. Tex. June 10, 2010) (citing *Tex. Catastrophe Prop. Ins. Ass'n v. Morales*, 975 F.2d 1178, 1180-81 (5th Cir. 1992)) ("The United States Constitution guarantees parties in civil matters the right to retain hired counsel under the due process clause of the Fourteenth Amendment.").

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court recommends Defendant Alessandro P. DiNello's Motion to Dismiss [Dkt. 5] be **GRANTED** as to the grounds asserted under Rule 12(b)(1) and Rule 12(b)(2) and Plaintiff Howard James Redmond Bey's complaint be **DISMISSED WITHOUT PREJUDICE**.  The Court further recommends Plaintiff's Motions for Summary Judgment [Dkts. 6; 10; 12; 16], and Motion for Declaratory Judgment [Dkt. 18] each be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

It is further **ORDERED** that Defendant's Motion to Stay Further Response Deadlines [Dkt. 15] is **DENIED AS MOOT**.

**SIGNED this 21st day of February, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE